UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINA LIVELY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:14-cv-01330-JMS-MJD |
| LOGAN'S ROADHOUSE, INC., | ) ) |
| Defendant. | ) |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

On August 13, 2014, Defendant Logan's Roadhouse, Inc. ("Logan's") filed a Notice of Removal, asserting that this Court has diversity jurisdiction over Plaintiff Christina Lively's claims. [Filing No. 1.] One of Logan's jurisdictional allegations gives the Court pause, necessitating this order.

Logan's alleges that "Plaintiff is a resident of Johnson County, Indiana at the time the action was filed in state court and all times relevant herein. Thus, Plaintiff is a citizen of the State of Indiana." [Filing No. 1 at 2 (citing Exhibit A, Paragraph 1) (state court complaint pleading Plaintiff's Indiana residency).] This allegation makes it clear that Logan's is only alleging that Ms. Lively is an Indiana citizen because she lived in Indiana at the time she filed her state court complaint.

Residency and citizenship are *not* the same, and it is the latter that matters for purposes of diversity jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002). Citizenship "is the place one intends to remain." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); *see also* Muscarello v. Ogle County Bd. of Comm'rs, 610 F.3d 416, 424 (7th Cir. 2010) (listing evidence supporting plaintiff's citizenship as amount of time spent in state each

year, place of voter registration, place of driver's license, address for government benefits, and address for tax bills). An allegation of residence is inadequate. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). The Court is not being hyper-technical, removing party has the responsibility to ensure that its papers, and the underlying facts that support them, provide a basis for federal jurisdiction. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("Lawyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations.").

For these reasons, the Court **ORDERS** the parties to conduct whatever investigation is necessary and file a **joint jurisdictional statement** by **August 27, 2014**, specifically setting forth the citizenship of each party and whether the parties agree that the amount in controversy is at least $75,000, exclusive of interest and costs. If the parties cannot agree on the contents of a joint statement, competing statements are due by that date. A compliant statement will relieve Plaintiff of her obligations under Local Rule 81-1.

Distribution:

Jeffrey O. Meunier
jom@mandmlawyers.com

Cynthia M Locke
CANTRELL STRENSKI & MEHRINGER, LLP
clocke@csmlawfirm.com

Tara Stapleton Lutes
CANTRELL STRENSKI & MEHRINGER, LLP
tlutes@csmlawfirm.com